# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, ) | CRIMINAL CASE NO. CF0663-12 |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | DECISION AND ORDER |
| ) | |
| ROQUE JOHN V. MANTANONA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Honorable Judge Michael J. Bordallo on Defendant's Motion and Memorandum of Points and Authorities to Dismiss First Charge in the Indictment: Kidnapping. The minutes of the Court reflect that this matter was taken under advisement by the Court on December 5, 2013. Defendant Roque John Villagomez Mantanona is represented by Assistant Public Defender Maria G. Fitzpatrick. The People of Guam are represented by Assistant Attorney General Brian D. Gallagher. Having considered the papers, pleadings and file herein, the Court now enters an order Granting Defendant's motion to dismiss.

## BACKGROUND

On February 27, 2013, Defendant was indicted on charges of Kidnapping (As a Second Degree Felony), Special Allegation Possession and Use of a Deadly Weapon in the Commission of a Felony, Assault (As a Misdemeanor), and Family Violence (As a Misdemeanor).

On July 24, 2013, Defendant filed a motion requesting that the first charge of his indictment be dismissed. In support of this request Defendant argues that there is no probable cause to charge him. He asserts that during the Grand Jury proceedings the People failed to present evidence as to the duration confinement in the kidnapping charge and argues that by

doing so the People failed to present evidence of an essential element as well as exculpatory evidence to the grand jury.

The People filed their Opposition on October 15, 2013. In it the People cite to the police officer's report and argue that the facts therein suggest that during the incident with the Defendant, the Defendant restrained a minor child, at risk of serious harm, equal to or greater than several minutes.

Defendant filed a reply on October 17, 2013. In it Defendant asserts that the People have misapplied the language of the police report and made no showing that any evidence was presented to the grand jury as to the length of the confinement.

On November 23, 2013, the Court entered a Decision and Order in this matter discussing the appropriate sufficiency standards of motions brought before this Court and the Parties' failure to comply with those standards. In its decision the Court ordered and allowed the People until December 5, 2013 to file an affidavit or declaration showing that the grand jury received evidence regarding the duration of the minor's substantial period confinement.

On December 10, 2013, the People filed a paper entitled, Declaration in Opposition to Defendant's Motion to Dismiss Count One of the Indictment. In it Assistant Attorney General Brian D. Gallagher affirms that he has reviewed the audio record of the grand jury proceedings in this matter. He affirms that evidence of the exact length of the incident was not presented to the grand jury but that evidence was presented that Defendant, with a knife, held a minor as a hostage around the neck and refused the officer's command to put the knife down. He also affirms that after this command and refusal the Defendant then threw the knife behind the T.V.

## DISCUSSION

Section 50.42 of Title 8 of the Guam Code provides,

The grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury.

8 GCA § 50.42 (2005). In November of 2013 the Guam Supreme Court, citing Section 50.54 of Title 8 of the Guam Code, explained that "a grand jury serves a gatekeeping function by considering the sufficiency of the evidence to support an indictment." *Guam v. San Nicolas*, 2013 Guam 21 ¶ 11. Section 50.54(b) provides, "(b) [t]he grand jury shall find an indictment when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 GCA § 50.54 (2005).

Inherent within this function and these mandates is the People's duty to present to the grand jury some evidence of each of the essential elements of a charge. See, *People of Territory of Guam v. Quidachay*, 1986 WL 68912 at *1-2 (D. Guam App. Div. 1986). While *Quidachay* clarifies that it would be unwise to allow for the re-consideration of whether the evidence that was presented to a grand jury was competent or credible, axiomatic to the statute's existence is the Court's duty to ensure some evidence of was presented. *Id.*

Kidnapping, as it is charged against the Defendant here, is regulated and defined by Section 22.20(a)(4) of Title 9 of the Guam Code. This section provides,

(a) A person is guilty of kidnapping . . . if he unlawfully confines another for a substantial period, with any of the following purposes:
. . . .
 (4) to interfere with the performance of any governmental or political function.

9 GCA §22.20(a)(4) (2005). In this case Defendant asserts that no evidence was presented to the grand jury that the minor C.Z. was confined for a substantial period.

The People concede that no evidence was presented to the grand jury regarding the total length the incident. Moreover they are unable to identify any evidence which might evince

confinement for a substantial period. Absent this the Court is not able to find that the statutory mandate of Section 50.54 has been satisfied. 8 GCA § 50.42 (2005).

## CONCLUSION

For the foregoing reasons the Defendant's motion is granted and the First Charge of the indictment is hereby dismissed.

**SO ORDERED** this ___28___ of ___January___ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
JUDGE, SUPERIOR COURT OF GUAM

JAN 2 8 2014